Willie James Brown, Jr., was convicted of first degree robbery and was sentenced to 20 years in the state penitentiary. The Court of Criminal Appeals affirmed the conviction. 564 So.2d 104. We granted the writ of certiorari to review his contention that the trial court erred in giving the following jury charge:
 "In order to bring in a verdict, each one of you — a verdict of guilty, each one of you must be convinced beyond a reasonable doubt and to a moral certainty that out there — I'm not really sure exactly where that place is. But here in Mobile, in Mobile County, Alabama on the 23rd of December 1987 at some time between 11:00 and midnight, this Defendant *Page 437 
went up to that woman and that man, that he snatched at her purse and told her to hand it over; that when she didn't do it, he reached in and pulled out this switchblade knife, snapped it open, and threatened her and her companion with her. If anyone of you has a reasonable doubt that that is what happened out there that night, then you could not bring in a verdict of guilty. That does not mean that you bring in a verdict of not guilty.
 "In order to bring in a verdict of not guilty, all 12 of you must have a reasonable doubt as to the truth of one of those material allegations of this indictment. And if all 12 of you are convinced beyond a reasonable doubt and to a moral certainty that he and the others — but he in particular — went up to this woman and this man as they were going across that parking lot, asked them to hand over that purse or snatched that purse and pulled that knife on her, and that that happened in December of 1987 in Mobile County, Alabama, then you should bring in a verdict, 'We, the jury, find the Defendant guilty of robbery first degree as charged in the indictment.'
 "If all 12 of you have a reasonable doubt of any of those material allegations and thus of the guilt of the Defendant, then you should bring in a verdict 'We, the jury, find the Defendant not guilty.' "
Brown contends that with this charge the trial judge inadvertently, but impermissibly, commented on the evidence and invaded the province of the jury as factfinder. Brown contends that the trial judge summarized the State's evidence and that he then told the jury to return a verdict based on his factfinding summary of the State's evidence; that by the trial judge's stating his version of the evidence twice, both times from the State's position, when there was evidence to directly contradict virtually every point of the State's contentions, the trial judge impliedly advocated to the jury the State's version of the facts of the case; and that the charge amounted to a general affirmative charge, which, when there isany conflict in the evidence, it is error for the trial court to give.
We agree that the trial court, however inadvertently, did comment on the evidence in its charge to the jury and that it erred in doing so. The trial court's summary of only the State's evidence amounted to a factual determination, which properly is left for the jury to decide without judicial advice on what facts should be found; furthermore, the trial court's delivery of its summation of only the State's evidence could reasonably have been taken to advocate the State's version of the evidence. Ala. Code 1975, § 12-16-11; Williams v. State,520 So.2d 179 (Ala.Cr.App. 1987); Jones v. State, 488 So.2d 48
(Ala.Cr.App. 1986); Pease v. City of Montgomery, 333 So.2d 221
(Ala.Cr.App. 1976).
Moreover, the charge was effectively a general affirmative charge, which stated, in effect, that if the jury believed the State's evidence, then it should convict Brown. See, e.g.,Austin v. State, 555 So.2d 324 (Ala.Cr.App. 1989). "Such a charge should rarely, if ever, be given, for it tends to imply that the State's evidence should be given more weight and credence than the defendant's evidence." Austin, at 328. Although the error in giving an affirmative charge can be harmless or can be cured by corrective actions taken elsewhere by the trial court in the overall charges to the jury, Austin, at 328-29, Harris v. State, 412 So.2d 1278 (Ala.Cr.App. 1982), we find that in this case the trial court's overall charge to the jury did not render the error harmless and did not cure the error.
The judgment of the Court of Criminal Appeals is reversed and this cause is remanded for further proceedings not inconsistent with this opinion.
REVERSED AND REMANDED.
HORNSBY, C.J., and MADDOX, SHORES, ADAMS and INGRAM, JJ., concur.
HOUSTON, J., concurs in the result.
STEAGALL, J., dissents. *Page 438