This case was originally assigned to another judge on the Alabama Court of Criminal Appeals. It was reassigned to Judge Cobb on January 17, 1995.
Kenneth Oneal Davis was indicted for the capital offense of intentional murder committed during the course of a rape. See § 13A-5-40(a)(3), Code of Alabama 1975. During the presentation of the State's case-in-chief, the appellant made it known to the court that he wished to plead guilty to the capital offense. After a thorough colloquy with the trial court, and against the advice of his counsel and family, the appellant pleaded guilty. Following the appellant's plea, the State continued the presentation of its evidence to the jury pursuant to § 13A-5-42, Code of Alabama 1975. The jury found the appellant guilty of the capital offense.
Following the sentencing phase of the trial, the jury unanimously recommended the appellant be sentenced to death. The trial judge then sentenced the appellant to death.
A thorough review of Alabama's caselaw reveals that this is a case of first impression, to the extent that this case is the first case in which a defendant has pleaded guilty to capital murder and received the death penalty under the present Criminal Code.[1]
"A guilty plea, if voluntarily and understandingly made, waives all nonjurisdictional defects in the prior proceedings against an accused. Askew v. State of Alabama, 398 F.2d 825
(5th Cir. 1968); United States v. McCoy, 477 F.2d 550 (5th Cir. 1973); Knowles v. State, 280 Ala. 406, 194 So.2d 562, cert. denied, 386 U.S. 1011, 87 S.Ct. 1358, 18 L.Ed.2d 442 (1967);Barnes v. State, 354 So.2d 343 (Ala.Crim.App. 1978); Browningv. State, 397 So.2d 253 (Ala.Crim.App.), cert. denied,397 So.2d 256 (1981); Jackson v. State, 452 So.2d 895
(Ala.Crim.App. 1984); § 13A-5-42, supra."
Cox v. State, 462 So.2d 1047, 1050 (Ala.Crim.App. 1985). "When a criminal defendant has solemnly admitted in open court that he is in fact guilty of the offense with which he is charged, he may not thereafter raise independent claims relating to the deprivation of constitutional rights that occurred prior to the entry of the guilty plea." Tollett v. *Page 478 Henderson, 411 U.S. 258, 267, 93 S.Ct. 1602, 36 L.Ed.2d 235
(1973). But see Menna v. New York, 423 U.S. 61, 62 n. 2,96 S.Ct. 241, 242 n. 2, 46 L.Ed.2d 195 (1975) ("Neither Tollett
nor our earlier cases on which it relied, e.g., Brady v. UnitedStates, 397 U.S. 742, 90 S.Ct. 1463, 25 L.Ed.2d 747 (1972), andMcMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441,25 L.Ed.2d 763 (1970), stand for the proposition that counseled guilty pleas inevitably 'waive' all antecedent constitutional violations.") Section 13A-5-42, Code of Alabama 1975, specifically states that the entry of a guilty plea in a capital case "shall have the effect of waiving all non-jurisdictional defects in the proceeding resulting in the conviction except the sufficiency of the evidence." Therefore, we have reviewed this cause for jurisdictional errors that occurred before the entry of the guilty plea and for any error, whether preserved or plain error, subsequent to the appellant's plea of guilty.
Rule 45A, Ala.R.App.P. provides:
 "In all cases in which the death penalty has been imposed, the Court of Criminal Appeals shall notice any plain error or defect in the proceedings under review, whether or not brought to the attention of the trial court, and take appropriate appellate action by reason thereof, whenever such error has or probably has adversely affected the substantial right of the appellant."
" 'Plain error is error which, when examined in the context of the entire case, is so obvious that failure to notice it would seriously affect the fairness, integrity, and public reputation of the judicial proceedings.' United States v. Butler,792 F.2d 1528, 1535 (11th Cir.), cert. denied, Waites v. United States,479 U.S. 933, 107 S.Ct. 407, 93 L.Ed.2d 359 (1986)." Slaton v.State, 680 So.2d 879 (Ala.Crim.App. 1995).
 I
Section 13A-5-42, Code of Alabama 1975, provides, in part:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof."
From our review of the record and specifically of the court's oral charge to the jury, it appears the jury was given only one verdict form and that form read: "We, the jury, find the defendant guilty as charged in the indictment." The trial court's comment to the jury during the oral charge that the evidence in this case was "uncontroverted" "amounted to a factual determination" and "could reasonably have been taken to advocate the State's version of the evidence." Brown v. State,581 So.2d 436, 437 (Ala. 1991). This comment, coupled with the fact that the jury was given only one verdict form that permitted only the finding that the appellant was guilty of the capital offense, leads us to conclude that the jury was given only one alternative — to find the appellant guilty of the capital offense. Thus, the court's charge amounted to an affirmative charge and the jury's verdict was a directed verdict. As § 13A-5-42 indicates, the State was required to prove the appellant's guilt beyond a reasonable doubt and the jury's sole role in this proceeding was to determine whether the State had met its burden of proof and whether the State proved the appellant's guilt beyond a reasonable doubt. The court's actions "invaded the province of the jury as factfinder" and thereby constituted error. Brown. We find this error to be plain error because it obviously affected the fairness and integrity of the proceedings and the substantial rights of the appellant.
 II
The appellant contends the trial court erred by failing to charge the jury on the definition of "reasonable doubt" and on the burden of proof in this case. Although trial counsel requested an instruction on reasonable doubt and the burden of proof from the Alabama Pattern Jury Instructions: Criminal (R. 816.), the trial court refused to give the requested instructions and the record does not show that the appellant objected to the court's charge as given. It appears likely that an objection was indeed made, because *Page 479 
the trial court defined reasonable doubt during the sentencing phase. However, we cannot ascertain this from a silent record; thus, we must review these issues for plain error.[2]
The trial court gave the following charge to the jury at the guilt phase of the trial:
 "The Court: I don't believe you will have difficulty, ladies and gentlemen, in understanding what you are called on to do here today.
 "The defendant has entered a plea of guilty to the indictment, and that is a confession in open court to his guilt; however, a jury has been empaneled, and it is incumbent on the jury to determine that the guilt actually does exist.
 "I have to do the same thing when I take guilty pleas without a jury. I have to be convinced in my own mind that there is a: factual basis for the plea upon which to base the plea of guilt.
 "This indictment charges the capital offense of murder committed during the offense of rape, and the only thing you will need other than the evidence, which is now uncontroverted, that is there is no evidence to the contrary, is to determine whether or not there is on the face of it some evidence to support each of the elements of the offense. And I will read you this much of the law as it applies to the crime described in this indictment.
 "If you are convinced beyond a reasonable doubt
that the defendant committed the crime of murder of the intentional killing type during a rape in the first degree or the attempt thereof as alleged in the indictment, then it would be your duty to find the defendant guilty of the capital offense based on his plea of guilty. The two components of the capital offense are rape in the first degree or the attempt thereof and intentional murder during the rape in the first degree or the attempt thereof.
 "A defendant commits the crime of rape in the first degree if: he engages in sexual intercourse with a female by forcible compulsion. It is just that straightforward and simple.
 "Sexual intercourse has its ordinary meaning and occurs upon penetration, however slight; emission is not required.
 "In this case if you are convinced beyond a reasonable doubt that the defendant committed the crime of rape in the first degree or the attempt thereof, as previously defined, of . . ., then the first component of the capital offense as charged in the indictment would have been proven.
 "There are two, rape and murder. They must come together.
"The next one is murder.
 "A defendant commits the crime of intentional murder if with intent to cause the death of another person, he causes the death of that person or another person. A person acts intentionally with respect to a result or to conduct when his purpose is to cause that result, to engage in that conduct. The defendant must intentionally, as opposed to negligently, accidently or recklessly, cause the death of the deceased in order to invoke the capital statute. The fact that someone dies or is killed during the course of a rape does not automatically provide that intent. The intent to kill must be real and specific in order to invoke the capital statute.
 "To be a capital offense the intentional murder must have been committed during rape in the first degree. 'During' means in the course of or in connection with or in immediate flight from the commission of rape in the first degree or the attempt thereof.
 "In this case if you are convinced beyond a reasonable doubt that the defendant committed the crime of rape in the first degree or the attempt thereof, as previously defined, and during the course of said rape or the attempt thereof intentionally murdered [the victim] by the means alleged in the indictment, then the second component of the capital offense as *Page 480 
charged in the indictment would have been proven.
 "Therefore, if you are convinced by the evidence beyond a reasonable doubt that the defendant intentionally murdered [the victim] by the means alleged in the indictment during a rape in the first degree or the attempt thereof, then it would be your duty to find the defendant guilty of the capital offense charged in the indictment.
 "On the other hand, if you are not convinced by the evidence beyond a reasonable doubt of an intentional murder, or if you are not convinced by the evidence beyond a reasonable doubt that the murder was committed during a rape committed by the defendant, then the defendant cannot be convicted of the capital offense charged in the indictment.
 "I will let you take out the form of your verdict, and the form would be, 'we, the jury, find the defendant guilty as charged in the indictment.' One of your number would sign that as foreman.
 "It must be the unanimous verdict of all 12 of you. You must all agree to it before you can return it."
(R. 624-30.) Following these instructions, the jury began its deliberations. At some point in its deliberations, the jury asked the court to reinstruct them on the capital offense. The court did so. The jury then returned with a guilty verdict.
The sentencing phase of the trial then began. At the beginning of the court's charge in the sentencing phase, the following occurred:
 "I have told you all along that you and you alone decide the facts, and that is what you do here. I have no prerogative in that. I am going to have to give you a charge on reasonable doubt and burden of proof. The reason I am going to have to do that, . . . Is because in the middle of the presentation the defendant changed his plea from not guilty to guilty, and I did not give you as full a charge as I would have done had you had to decide rather than just to prove a plea, if you had to decide the issue of guilt. So the measure of proof is beyond a reasonable doubt and to a moral certainty, that is the same measure of proof that the jury used in the punishment stage, and ordinarily when I get to this part I read out of the book that says I won't charge you about reasonable doubt again because I have already charged you on that, but it is the same measure of proof that you use here. Well, I haven't charged you on reasonable doubt, so if I did that you might not understand what I was saying, although probably you would anyway. I am going to now give you a charge on reasonable doubt before I get into the other aspects of it."
(R. 735-36.) The trial court then proceeded to give a lengthy charge on reasonable doubt. (R. 735-38.)
 "The government must prove beyond a reasonable doubt every element of a charged offense. In re Winship, 397 U.S. 358, 90 S.Ct. 1068, 25 L.Ed.2d 368 (1970). Although this standard is an ancient and honored aspect of our criminal justice system, it defies easy explication. . . .
 "The beyond a reasonable doubt standard is a requirement of due process, but the Constitution neither prohibits trial courts from defining reasonable doubt nor requires them to do so as a matter of course. Cf. Hopt v. Utah, 120 U.S. 430, 440-41, 7 S.Ct. 614, 618-20, 30 L.Ed. 708 (1887)."
Victor v. Nebraska, 511 U.S. 1, 114 S.Ct. 1239, 127 L.Ed.2d 583
(1994). See generally, Henry A. Diamond, Defining ReasonableDoubt, 90 Colum.L.Rev. 1716 (1990), and Note, Reasonable Doubt:An Argument Against Definition, 108 Harv.L.Rev. 1955 (1995). InHopt v. Utah, 120 U.S. 430, 440-41, 7 S.Ct. 614, 619,30 L.Ed. 708 (1887), the Supreme Court wrote:
 "It was there also said that an instruction to the jury that they should be satisfied of the defendant's guilt beyond a reasonable doubt, had often been held sufficient, without further explanation. In many cases it may undoubtedly be sufficient. It is simple, and as a rule to guide the jury is as intelligible to them generally as any which could be stated, with respect to the conviction they should have of the defendant's guilt to justify a verdict against him. But *Page 481 in many instances, especially where the case is at all complicated, some explanation or illustration of the rule may aid in its full and just comprehension. As a matter of fact, it has been the general practice in this country of courts holding criminal trials to give such explanation or illustration."
(Emphasis added.)
Capital cases are usually more complicated than other criminal cases and include issues unique to capital offenses. Although generally due process may not require any further instruction on reasonable doubt than that given by the trial court in this case, we find that the trial court erred by failing to give a full and clear definition of reasonable doubt in its charge during the guilt phase in this case. " 'The central issue in the guilt phase of a capital murder trial is whether the State has satisfied its burden of proving beyond a reasonable doubt that the defendant is guilty of the crime charged. Beck [v. State], [396] So.2d [645] at 662 [(Ala. 1980)].' " Smith v. State, 581 So.2d 531 (Ala. 1991).
As we stated earlier, this is a unique case in that the appellant pleaded guilty to a capital offense with no promise that the State would not seek the death penalty. It is easy to understand that the jury would have difficulty understanding its role because, although the appellant pleaded guilty, the jury was called upon to make the ultimate decision as to his guilt. Further, § 13A-5-42, Code of Alabama 1975, specifically requires that the appellant's guilt must be proved beyond a reasonable doubt.
A reasonable doubt instruction is routinely given to juries in criminal cases in Alabama. See Alabama Pattern JuryInstructions: Criminal, Instruction I.4 and I.5. Section13A-5-42, Code of Alabama 1975, provides that when a defendant pleads guilty to a capital murder, the State still must prove the defendant's guilt beyond a reasonable doubt. The failure to explain the concept of reasonable doubt, the standard of proof by which the jury must determine the appellant's guilt, was error. In light of the explicit language of § 13A-5-42
requiring proof beyond a reasonable doubt, and the fact that this case involves the death penalty, the trial court should have instructed the jury on reasonable doubt during the guilt phase of the trial, particularly when there was no instruction on the presumption of innocence. It appears that the trial court tried to correct the error when it gave the jury an instruction on reasonable doubt during the sentencing phase of the trial. However, the instruction came too late because the jury had already made a determination as to the appellant's guilt. The trial court erred by failing to define reasonable doubt for the jury during the court's charge during the guilt phase of the trial.
We also find that the trial court erred by failing to instruct the jury on the burden of proof in this case. Section13A-5-42, Code of Alabama 1975, places on the State the burden of proving the appellant's guilt beyond a reasonable doubt. As we stated above, in a unique case such as this, the jury could have easily been confused as to who had the burden of proof in this case. This fundamental instruction should have been given to the jury.
Although the appellant requested an instruction on reasonable doubt and the burden of proof, he failed to object to the court's failure to give these instructions. Thus, we must review the case under the plain error doctrine. While we are unwilling to find that either of these two errors alone constitutes plain error,[3] the cumulative effect of these errors, viewed in the context of the entire charge, has probably adversely affected the substantial right of the appellant, so as to require review under the plain error doctrine. See Exparte Tomlin, 540 So.2d 668 (Ala. 1988) (cumulative effect of two errors constituted plain error.) *Page 482 
By its failure to give an instruction on reasonable doubt and the burden of proof, the trial court did not provide the jury with any meaningful guidance that would have allowed it to fulfill its role during the guilt phase of a capital murder trial in which the appellant has pleaded guilty. The deficiencies in the trial court's charge to the jury in this case are so obvious that our failure to notice them would affect the fairness and integrity of the judicial proceedings and affect the substantial rights of the appellant.
The United States Supreme Court in Sullivan v. Louisiana,508 U.S. 275, 278, 113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993), stated that an error in an instruction defining reasonable doubt can never be harmless error. Likewise, the failure to define reasonable doubt and to instruct the jury on the burden of proof during a proceeding in which the appellant pleads guilty to capital murder and in which the State is required by statute to prove the appellant's guilt beyond reasonable doubt cannot be harmless error. " 'The inquiry . . . is not whether, in a trial that occurred without the error, a guilty verdict would surely have been rendered, but whether the guilty verdict actually rendered in this trial was surely unattributable to the error.' Sullivan v. Louisiana, 508 U.S. 275, 278,113 S.Ct. 2078, 2081, 124 L.Ed.2d 182 (1993)." Hutcherson v. State,677 So.2d 1174 (Ala.Crim.App. 1994). We cannot say that the guilty verdict in this case was unattributable to the trial court's failure, during the guilty phase of this trial, to give the two charges.
Therefore, for the reasons stated above, the judgment is reversed and the case is remanded to the trial court for a new trial. In the event the appellant is again convicted of this capital offense and receives a sentence of death, we must remind the trial court that the trial court's written findings of fact must include a statement as to whether the trial court considered the evidence presented by the appellant as evidence of nonstatutory mitigating factors including the mental health of the appellant. See Gaddy v. State, [Ms. CR-90-1429, May 26, 1995], ___ So.2d ___ (Ala.Crim.App. 1995); Henderson v. State,584 So.2d 841 (Ala.Crim.App. 1988); Carroll v. State,599 So.2d 1253 (Ala.Crim.App. 1992), affirmed, 627 So.2d 874
(Ala. 1993), cert. denied, 510 U.S. 1171, 114 S.Ct. 1207,127 L.Ed.2d 554 (1994).
This case presents a dilemma for this court. We are reversing the judgment in a capital murder case in which the appellant voluntarily and willingly pleaded guilty with full knowledge of the possible consequences of his plea. We are convinced that when the legislature mandates that a jury must determine the guilt of a capital murder defendant who pleads guilty, the trial court must adhere to the requirements of the statutes.
This court does appreciate the fact that the trial court had no guidance; this is the only occasion that we are aware of since the passage of the present Criminal Code where an individual pleaded guilty and received the death penalty. Yet the contravention of the law was so basic that this court is left no recourse but to reverse the judgment and remand this case for a new trial. We are also convinced that the violations of the appellant's rights were so egregious that this case would never withstand further appellate review. Despite the difficulties this case presents, particularly in light of the fact that the offense on which the conviction is based occurred in 1986 and the length of time it has been assigned to this court, we are mindful of what this court stated in Brown v.State, 571 So.2d 345 (Ala.Crim.App. 1990), rev'd on othergrounds, Ex parte Brown, 632 So.2d 14 (Ala. 1992) (quotingTrujillo v. Sullivan, 815 F.2d 597, 606-07 (10th Cir.), cert.denied, 484 U.S. 929, 108 S.Ct. 296, 98 L.Ed.2d 256 (1987)):
 "[E]very criminal trial must conform to constitutional standards, [and] our scrutiny in capital trials must be particularly sensitive. Capital trials are unique and ponderous occurrences, distinct from any other exercise of state power. When the machinery of the state seeks to extinguish a life, we must especially ensure that the process employed to accomplish that end complies with the defendant's right to a fair trial by an impartial jury."
In the particular case before us, the appellant was entitled to have the jury charged on reasonable doubt and the burden of proof. He was also entitled to have the jury review *Page 483 
the evidence presented by the State and make its determination as to whether the appellant was guilty beyond a reasonable doubt. These are basic fundamental rights that are necessary to the acceptance of the appellant's guilty plea to capital murder. The appellant has been denied these rights. The judgment is reversed and the cause remanded.
REVERSED AND REMANDED.
All the Judges concur.
[1] John Louis Evans and Wayne Ritter pleaded guilty and received the death penalty under the former Criminal Code. See Evans andRitter v. State, 361 So.2d 654 (Ala.Crim.App. 1977).
[2] We note that the requirement in § 13A-5-42 that the appellant's guilt be proved beyond a reasonable doubt to a jury is jurisdictional. See Cox v. State, 462 So.2d 1047
(Ala.Crim.App. 1985); Elder v. State, 494 So.2d 922 (Ala.Crim.App. 1986).
[3] This court has found plain error in the trial court's instruction to the jury in a capital case on other occasions.See Fletcher v. State, 621 So.2d 1010 (Ala.Crim.App. 1993) (court's failure to give charge on voluntary intoxication was plain error); Curry v. State, 471 So.2d 476
(Ala.Crim.App. 1984) (court's failure to charge jury that its verdict had to be unanimous on the issue of guilt or innocence was plain error despite lack of objection).