On March 12, 1996, Noel Tracy Martin, Jr., pleaded guilty to and was convicted of reckless murder, a violation of §13A-6-2(a)(2), Ala. Code 1975. Martin was subsequently sentenced to 20 years in the state penitentiary. Martin raises three issues on appeal.
 I.
Martin argues that the trial court abused its discretion in denying his motion to withdraw his guilty plea. He argues that the guilty plea was not voluntarily, knowingly, and intelligently made because, he says, he is hearing-and speech-impaired and therefore could not understand the nature of the charges and proceedings against him when he entered the plea. He also contends that because of his impairments he was unable to understand the sentencing process, the possible range of punishment, or the possibility of probation. We find his argument without merit.
The record shows that before it accepted Martin's guilty plea, the court appointed two sign-language interpreters. The record indicates that before the hearing the interpreters read and explained the contents of the guilty plea and waiver of rights, or "Ireland," form and that Martin seemed to understand what had been explained. Martin confirmed at the guilty plea hearing that he understood the contents of the form. The court then took testimony from Martin, through the interpreters, to the effect that Martin understood that by pleading guilty he was waiving his right to a jury trial and to other constitutional rights afforded a criminal defendant; that no one had threatened him or coerced him to enter a guilty plea; that no one had promised him a lenient sentence or anything else in return for pleading guilty; and that he understood that the possible range of sentence was between 10 and 99 years.
Although the proceedings were out of the ordinary because Martin was hearing-and speech-impaired, we find that the hearing afforded Martin all of the procedural safeguards required by Alabama law.
 "In order to be valid, a guilty plea must be voluntarily and intelligently made. Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 369, 88 L.Ed.2d 203 (1985); Boykin v. Alabama, 395 U.S. 238, 242, 89 S.Ct. 1709, 1711, 23 L.Ed.2d 274
(1969). Before accepting a guilty plea, a trial judge 'should undertake a factual inquiry to determine if the plea is voluntarily made with an understanding of the nature of the charge and the consequences of the plea.' Cashin v. State, 428 So.2d 179, 182 (Ala.Cr.App. 1982). The record of the plea proceedings must affirmatively 'reflect sufficient facts from which such a determination could be properly made.' Dingler v. State, 408 So.2d 530, 532 (Ala. 1981). While a trial court's inquiry on these matters need not follow 'any particular ritual,' the inquiry must be 'sufficient to determine that the defendant understands the charges against him and the consequences of his plea, and that the defendant's plea is truly voluntary.' United States v. O'Donnell, 539 F.2d 1233, 1235 (9th Cir.), cert. denied, 429 U.S. 960, 97 S.Ct. 386, 50 L.Ed.2d 328 (1976) (emphasis added)."
Trice v. State, 601 So.2d 180, 183 (Ala.Cr.App. 1992). The record shows that the trial *Page 878 
court went to painstaking lengths to make sure that Martin understood the consequences of his plea and to comply withBoykin and its progeny. The trial court did not abuse its discretion in failing to allow Martin to withdraw his guilty plea.
 II.
Martin makes two other arguments in his brief to the court. He argues that his due process rights and rights under the Americans With Disabilities Act and the Rehabilitation Act were violated because, he says, he did not understand the charge. He also argues that the trial court erred in denying his motion, made before he entered his guilty plea, to suppress evidence that he alleges was illegally seized. Because we have found that his guilty plea was in fact voluntarily, intelligently, and knowingly entered, we conclude that these alleged nonjurisdictional defects have been waived.
A guilty plea, if voluntarily and intelligently made, waives all nonjurisdictional defects that occurred before the entry of the plea. Davis v. State, 682 So.2d 476, 477 (Ala.Cr.App. 1995). Guilty pleas have also been held to bar subsequent constitutional challenges on issues such as a coerced confession, an illegal arrest, and an illegal search and seizure. Lancaster v. State, 362 So.2d 271, 272 (Ala.Cr.App. 1978). A guilty plea is an admission of all elements of the offense and also acts as a waiver of the rights guaranteed by the Due Process Clause. Barnes v. State, 354 So.2d 343, 345
(Ala.Cr.App. 1978).
A defendant who wishes to preserve an adverse ruling on an issue raised before the defendant entered a guilty plea must inform the court, before the plea is entered, that he or she intends to reserve the issue for appeal. Davis v. State, 682 So.2d at 477.
Because Martin entered a voluntary and intelligent guilty plea and because he made no attempt to preserve any nonjurisdictional arguments before his plea, these arguments have been waived and are not properly before us.
For the above-stated reasons, the judgment of the trial court is due to be, and it is hereby, affirmed.
AFFIRMED.
All the Judges concur. *Page 1316