887 So.2d 304 (2003)
Corey Eugene BENTON
v.
STATE of Alabama.
No. CR-02-0343.
Court of Criminal Appeals of Alabama.
December 2, 2003.
*305 Corey Eugene Benton, pro se.
William H. Pryor, Jr., atty. gen., and John M. Porter, asst. atty. gen., for appellee.
BASCHAB, Judge.
The appellant, Corey Eugene Benton, was indicted for the capital offense of robbery-murder. On September 10, 2001, he pled guilty to and was convicted of the capital offense of robbery-murder. On September 11, 2001, the trial court sentenced him to imprisonment for life without the possibility of parole. He did not appeal his conviction. In August 2002, the appellant filed a Rule 32 petition, challenging his conviction. After the State responded, the circuit court summarily dismissed the petition. This appeal followed.

*306 I.
The appellant argues that the State did not prove every element of the capital offense and that, therefore, the trial court did not have jurisdiction to render a judgment and impose a sentence in his case. These claims are nonjurisdictional claims[1] that are precluded because he could have raised them at trial and on appeal, but did not. See Rule 32.2(a)(3) and (5), Ala. R.Crim. P.
The appellant further argues that his trial counsel rendered ineffective assistance by allowing him to enter a guilty plea even though the State did not prove every element of the capital offense. However, he did not specify which element or elements he alleges the State did not prove.[2] Therefore, because his claim consists of bare allegations, he has not satisfied his burden of pleading pursuant to Rules 32.3 and 32.6(b), Ala. R.Crim. P.
For these reasons, the circuit court properly summarily dismissed these claims.

II.
The appellant also argues that the trial court did not have jurisdiction to render a judgment and impose a sentence in his case because the plea agreement in this case was void. Specifically, he contends that, although he agreed to waive his right to pursue a direct appeal and postconviction relief, that waiver was unconstitutional. In Boglin v. State, 840 So.2d 926, 929-31 (Ala.Crim.App.2002), we held:
"It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal `so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement.' Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App.1994). See also Dunn v. State, 514 So.2d 1300 (Ala.1987); Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001); Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995); and Gwin v. State, 456 So.2d 845 (Ala.Crim.App.1984). `[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver.' Watson, 808 So.2d at 80. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court.
"....
"The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a *307 Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1994). The presence of a waiver of the right to collateral review should not bar review of the voluntariness of a guilty plea because, as noted above, an involuntary guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition. In addition, because ineffective assistance of counsel may, in some circumstances, render a guilty plea involuntary, see Ex parte Blackmon, 734 So.2d 995 (Ala.1999), we believe that claims of ineffective assistance of trial counsel may also be raised in a Rule 32 petition, despite a waiver of collateral review.
"....
"We hold that although a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness."
Accordingly, the plea agreement in this case was not necessarily void simply because the appellant waived his right to pursue a direct appeal and postconviction relief.

III.
Finally, the appellant argues that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. Specifically, he contends that the trial court and trial counsel did not properly explain to him those rights and the effects of waiving those rights. Neither the State nor the circuit court refuted this particular claim. Therefore, based on Boglin, we remand this case to the circuit court for that court to make specific, written findings regarding the appellant's claim that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. On remand, the circuit court may require the State to respond to this specific contention and/or may conduct an evidentiary hearing. On remand, the circuit court shall take all necessary action to see that the circuit clerk makes due return to this court at the earliest possible time and within 56 days after the release of this opinion. The return to remand shall include the circuit court's written findings of fact and, if applicable, the State's response and a transcript of the evidentiary hearing.
REMANDED WITH INSTRUCTIONS.[*]
McMILLAN, P.J., concurs; SHAW, J., concurs in the result; WISE, J., concurs in part and dissents in part, with opinion, which COBB, J., joins.
WISE, Judge, concurring in part and dissenting in part.
I concur with the majority's decision to remand Benton's case for the circuit court to make specific, written findings regarding Benton's claim that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. However, I dissent from the holding in part I that Benton's claim that the State did not prove every element of the capital offense is precluded because it could have been, but was not, raised at trial and on appeal.
In his petition, Benton claimed that the trial court was without jurisdiction to accept *308 his guilty plea, based on the State's failure to prove each element of capital murder. Benton further alleged that his guilty plea was not knowingly and voluntarily made, based on the trial court's failure to conduct a proper colloquy. Generally, issues relating to the factual basis for a guilty plea, i.e., the State's proof of each element of the charged offense, are not jurisdictional and do not go to the voluntariness of a guilty plea; therefore, appellate review of such claims are usually waived by the entry of a guilty plea. See Tillery v. State, 647 So.2d 87 (Ala.Crim.App.1994). However, when a defendant pleads guilty to capital murder, he does not waive appellate review of whether the State established a sufficient factual basis for his plea. Section 13A-5-42, Ala.Code 1975, provides, in pertinent part:
"A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all non-jurisdictional defects in the proceeding resulting in the conviction, except the sufficiency of the evidence."
(Emphasis added.)
"Under the established rules of statutory construction, the words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and the court is bound to interpret the plain language to mean exactly what it says." Sims v. State, 733 So.2d 926, 930 (Ala.Crim.App.1998). Moreover, it is a basic principle of statutory construction that "specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects." Murphy v. City of Mobile, 504 So.2d 243, 244 (Ala.1987); see also Powers v. State, 591 So.2d 587, 588 (Ala.Crim.App.1991). Thus, § 13A-5-42 provides an exception to the general rule that a guilty plea waives a challenge on appeal to the sufficiency of the evidence.
An individual who pleads guilty to capital murder faces only two possible punishments  life imprisonment without the possibility of parole or the death penalty. Given these circumstances, together with the plain language of § 13A-5-42, it seems clear that the Legislature's intent was to provide individuals pleading guilty to the most serious criminal offense encompassed in Alabama law an elevated level of appellate review. Thus, in my opinion, Benton's claim that the State failed to prove each element of capital murder was not precluded. Such a conclusion is consistent with this Court's holdings in Davis v. State, 682 So.2d 476, 479 n. 2 (Ala.Crim.App.1995); Elder v. State, 494 So.2d 922, 923 (Ala.Crim.App.1986); and Cox v. State 462 So.2d 1047, 1051 (Ala.Crim.App.1985), which recognize that when a defendant pleads guilty to capital murder the State must nevertheless prove each element of capital murder beyond a reasonable doubt to the jury, and that such a requirement is jurisdictional.
The main opinion attempts to distinguish Davis, Elder, and Cox, stating that those cases "do not stand for the proposition that the sufficiency of the evidence must be reviewed on direct appeal" and "[t]o hold otherwise would provide for plain-error review in a non-death-penalty case and would thus violate the plain language of Rules 45A and 45B, Ala.R.App.P." 887 So.2d at 306 n. 1.[3] I disagree with *309 this interpretation of Davis, Elder, and Cox. Likewise, I do not believe that reviewing the sufficiency of the evidence would result in extending the "plain error" standard of review to non-death-penalty cases. Rather, allowing a defendant to challenge the sufficiency of the State's evidence in a capital-murder guilty-plea proceeding is consistent with the plain language of § 13A-5-42, which makes no distinction regarding a challenge to the sufficiency of the evidence based on the sentence imposed; the statute merely states that a guilty plea to capital murder "shall have the effect of waiving all non-jurisdictional defects in the proceeding resulting in the conviction, except the sufficiency of the evidence." Benton's plea agreement called for him to waive both his right of direct appeal and any collateral review of his capital-murder conviction. Although we have held that a defendant may waive the right to pursue a direct appeal as part of his plea agreement, we have held that a waiver of both the right to direct appeal and all collateral proceedings is unenforceable. As we stated in Boglin v. State, 840 So.2d 926, 931 (Ala.Crim.App.2002), while "a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness." Given that Benton could not waive the voluntariness of his guilty plea to murder, it is only logical that the exception provided in § 13A-5-42 would allow him to challenge the sufficiency of the evidence as well.
Based on the foregoing, I would remand this case for the circuit court to make specific findings on Benton's claim that the State failed to prove each element of the capital offense, as well as his claim that his plea was involuntary because he did not voluntarily waive his right to pursue a direct appeal and postconviction relief.
NOTES
[1] We recognize that Cox v. State, 462 So.2d 1047 (Ala.Crim.App.1985), and Elder v. State, 494 So.2d 922 (Ala.Crim.App.1986), cite § 13A-5-42, Ala.Code 1975, for the proposition that the requirement that a defendant's guilt be proved to a jury beyond a reasonable doubt is jurisdictional. However, those cases and § 13A-5-42, Ala.Code 1975, do not stand for the proposition that the sufficiency of the evidence must be reviewed on direct appeal, whether or not preserved at the trial court level, or on collateral review if a direct appeal has not been pursued. Rather, the jurisdictional matter to which they refer is the procedural requirement that, when a defendant pleads guilty to a capital offense, the State must still prove the defendant's guilt to a jury beyond a reasonable doubt. To hold otherwise would provide for plain error review in a non-death-penalty case and would thus violate the plain language of Rules 45A and 45B, Ala. R.App. P.
[2] In his briefs to this court, the appellant attempts to make more specific allegations than he did in his petition. However, because he did not first present them to the circuit court, those allegations are not properly before this court. See Morrison v. State, 551 So.2d 435 (Ala.Crim.App.1989).
[*] Note from the reporter of decisions: On February 20, 2004, on return to remand, the Court of Criminal Appeals affirmed, without opinion.
[3] The facts surrounding Benton's plea are disputed. Given that the record before us does not contain a transcript of Benton's guilty-plea proceedings, including the trial and plea colloquy, or any findings of fact by the circuit court concerning this claim, we cannot unequivocally say whether the State met the requirement of § 13A-5-42 to prove Benton's guilt to a jury beyond a reasonable doubt.