I concur with the majority's decision to remand Benton's case for the circuit court to make specific, written findings regarding Benton's claim that he did not voluntarily waive his right to pursue a direct appeal and postconviction relief. However, I dissent from the holding in part I that Benton's claim that the State did not prove every element of the capital offense is precluded because it could have been, but was not, raised at trial and on appeal.
In his petition, Benton claimed that the trial court was without jurisdiction to accept *Page 308 
his guilty plea, based on the State's failure to prove each element of capital murder. Benton further alleged that his guilty plea was not knowingly and voluntarily made, based on the trial court's failure to conduct a proper colloquy. Generally, issues relating to the factual basis for a guilty plea, i.e., the State's proof of each element of the charged offense, are not jurisdictional and do not go to the voluntariness of a guilty plea; therefore, appellate review of such claims are usually waived by the entry of a guilty plea. See Tillery v. State,647 So.2d 87 (Ala.Crim.App. 1994). However, when a defendant pleads guilty to capital murder, he does not waive appellate review of whether the State established a sufficient factual basis for his plea. Section 13A-5-42, Ala. Code 1975, provides, in pertinent part:
 "A defendant who is indicted for a capital offense may plead guilty to it, but the state must in any event prove the defendant's guilt of the capital offense beyond a reasonable doubt to a jury. The guilty plea may be considered in determining whether the state has met that burden of proof. The guilty plea shall have the effect of waiving all non-jurisdictional defects in the proceeding resulting in the conviction, except the sufficiency of the evidence."
(Emphasis added.)
"Under the established rules of statutory construction, the words used in a statute must be given their natural, plain, ordinary, and commonly understood meaning, and the court is bound to interpret the plain language to mean exactly what it says."Sims v. State, 733 So.2d 926, 930 (Ala.Crim.App. 1998). Moreover, it is a basic principle of statutory construction that "specific provisions relating to specific subjects are understood as exceptions to general provisions relating to general subjects." Murphy v. City of Mobile, 504 So.2d 243, 244 (Ala. 1987); see also Powers v. State, 591 So.2d 587, 588
(Ala.Crim.App. 1991). Thus, § 13A-5-42 provides an exception to the general rule that a guilty plea waives a challenge on appeal to the sufficiency of the evidence.
An individual who pleads guilty to capital murder faces only two possible punishments — life imprisonment without the possibility of parole or the death penalty. Given these circumstances, together with the plain language of § 13A-5-42, it seems clear that the Legislature's intent was to provide individuals pleading guilty to the most serious criminal offense encompassed in Alabama law an elevated level of appellate review. Thus, in my opinion, Benton's claim that the State failed to prove each element of capital murder was not precluded. Such a conclusion is consistent with this Court's holdings in davis v.State, 682 So.2d 476, 479 n. 2 (Ala.Crim.App. 1995); Elder v.State, 494 So.2d 922, 923 (Ala.Crim.App. 1986); and Cox v.State 462 So.2d 1047, 1051 (Ala.Crim.App. 1985), which recognize that when a defendant pleads guilty to capital murder the State must nevertheless prove each element of capital murder beyond a reasonable doubt to the jury, and that such a requirement is jurisdictional.
The main opinion attempts to distinguish Davis, Elder, andCox, stating that those cases "do not stand for the proposition that the sufficiency of the evidence must be reviewed on direct appeal" and "[t]o hold otherwise would provide for plain-error review in a non-death-penalty case and would thus violate the plain language of Rules 45A and 45B, Ala.R.App.P." 887 So.2d at 306 n. 1.[3] I disagree with *Page 309 
this interpretation of Davis, Elder, and Cox. Likewise, I do not believe that reviewing the sufficiency of the evidence would result in extending the "plain error" standard of review to non-death-penalty cases. Rather, allowing a defendant to challenge the sufficiency of the State's evidence in a capital-murder guilty-plea proceeding is consistent with the plain language of § 13A-5-42, which makes no distinction regarding a challenge to the sufficiency of the evidence based on the sentence imposed; the statute merely states that a guilty plea to capital murder "shall have the effect of waiving all non-jurisdictional defects in the proceeding resulting in the conviction, except the sufficiency of the evidence." Benton's plea agreement called for him to waive both his right of direct appeal and any collateral review of his capital-murder conviction. Although we have held that a defendant may waive the right to pursue a direct appeal as part of his plea agreement, we have held that a waiver of both the right to direct appeal and all collateral proceedings is unenforceable. As we stated inBoglin v. State, 840 So.2d 926, 931 (Ala.Crim.App. 2002), while "a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness." Given that Benton could not waive the voluntariness of his guilty plea to murder, it is only logical that the exception provided in §13A-5-42 would allow him to challenge the sufficiency of the evidence as well.
Based on the foregoing, I would remand this case for the circuit court to make specific findings on Benton's claim that the State failed to prove each element of the capital offense, as well as his claim that his plea was involuntary because he did not voluntarily waive his right to pursue a direct appeal and postconviction relief.
[3] The facts surrounding Benton's plea are disputed. Given that the record before us does not contain a transcript of Benton's guilty-plea proceedings, including the trial and plea colloquy, or any findings of fact by the circuit court concerning this claim, we cannot unequivocally say whether the State met the requirement of § 13A-5-42 to prove Benton's guilt to a jury beyond a reasonable doubt.