On August 25, 1992, Sumnar Robert Brewster pleaded guilty and was convicted of two instances of unlawful breaking and entering a vehicle and two instances of attempted theft in the first degree. He was sentenced to 15 years' imprisonment in each case, with the sentences to be served concurrently. On this appeal from those convictions, the appellant contends that "the [Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709,23 L.Ed.2d 274 (1969)] standards for proper entry of a guilty plea were not met in the Court below." Brief of the Appellant at 9. We agree.
The record shows that the appellant changed his plea from not guilty to guilty after the trial jury venire had been qualified. Prior to the qualification of the venire, the following occurred in open court:
 "MR. WARD [defense counsel]: . . . Bob [the appellant], we have gone over the plea bargain offered by the State. You understand *Page 218 
that I have advised you to take that? You are going to have to answer that.
"THE DEFENDANT: Yes, you advised me.
 "MR. WARD: Okay. I have also advised you that [if] the plea bargain offered by the State wasn't acceptable to you it would be in your best interest to enter a blind plea and just let the judge sentence you instead of going through a jury trial? I told you yesterday about not going through a jury trial and just entering a plea with the judge and let[ting] him sentence you?
"THE DEFENDANT: Yes, you did.
 "MR. WARD: And you said that you didn't want to do that and let the judge sentence you either? I have also advised you that with your felony record it was not in your best interest for you to take the stand? Did I tell you that?
"THE DEFENDANT: Yes." Supp.R. 4.
Defense counsel then stated that he was prepared "to go to trial." Supp.R. 5.
After a short recess defense counsel announced that the appellant had "just informed me that he has talked to his father and his father is in the process of hiring him an attorney, retaining one, and he has asked that [his trial] be continued so that can be done." Supp.R. 5. The trial court denied that request: "No, we're not going to wait. This case has been up for a while and it is going to go for trial. We are not waiting for him to hire some other lawyer." Supp.R. 5.
Qualification of the jury venire began at 9:50 a.m. At 10:35 a.m., the parties met in the judge's chambers for the taking of the guilty plea. The trial court ascertained that the appellant had "signed" an "explanation of rights and plea of guilty" form and a "defendant's statement of satisfaction of services rendered by court-appointed attorney" form. In the latter form the appellant acknowledged that he was satisfied with counsel and with the plea bargaining, that he was pleading guilty of his own free will, that no one had coerced him in any manner to plead guilty, and that no one had promised him anything to plead guilty. CR. 27. The court also obtained indications from the appellant that he understood the charges and that he understood the range of punishment both with and without the application of the Habitual Felony Offender Act. After the appellant had entered his guilty pleas to the four charges, the prosecutor recited the expected proof in each case.
The conviction resting on this guilty plea must be reversed because the trial court did not comply with the requirements of Rule 14.4, A.R.Crim.P.:
"Rule 14.4. Acceptance of guilty plea
 "(a) COLLOQUY WITH DEFENDANT. . . . In all . . . cases [other than minor misdemeanors] . . . the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
 "(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
 "(i) The nature of the charge and the material elements of the offense to which the plea is offered;
 "(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
 "(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
 "(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
 "(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
 "(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses *Page 219 
against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
 "(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant's guilt; and
 "(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promises apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b).
". . . .
 "(d) USE OF FORM. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form, 68, 69, 70, or Form 71, as the case may be." (Emphasis added.)
A guilty "plea is only properly accepted . . . upon satisfaction of the requisites of Boykin, including the trial judge's determination that the guilty plea was knowingly and voluntarily entered by the accused. The record must reflect sufficient facts from which such determination could properly be made." Dingler v. State, 408 So.2d 530, 532 (Ala. 1981).
Prior to the adoption of the Rules of Criminal Procedure, there had been some question regarding what facts were sufficient to show compliance with Boykin. See, e.g., Walcottv. State, 48 Ala. App. 754, 263 So.2d 177 (1971), cert. denied,288 Ala. 546, 547, 263 So.2d 178 (1972). For a time it was unclear whether the record must include a court reporter's transcript of a full Boykin colloquy with the accused, or whether something else, such as the accused's signature on an"Ireland" form[1] would suffice.
In Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), the Alabama Supreme Court answered those questions. The court held that a transcript of a Boykin colloquy was not required if the record contained an "Ireland" form signed by the defendant and
there was other evidence in the record to support the fact that the defendant had been informed of his rights before signing the form. See Davis v. State, 348 So.2d 844, 846 (Ala.Cr.App.), cert. denied, 348 So.2d 847 (Ala. 1977). The "other evidence" inTwyman was a minute entry reflecting that the court had questioned the accused about his execution of the "Ireland"
form, after which the accused
 "stat[ed] to the Court that he ha[d] read said exhibit or ha[d] had said exhibit read to him by his counsel and that his counsel ha[d] fully explained to him the contents of said exhibit and that he fully underst[oo]d same and ha[d] no questions about same."
Twyman v. State, 293 Ala. at 78, 300 So.2d at 127. Because there was nothing in the record in Twyman to contradict the court's minute entry, that minute entry sufficed to show compliance with Boykin.
Chief Justice Heflin dissented in Twyman. He made the following observations:
 "I am of the opinion that written instruments can be used in connection with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. There is a danger that the use of such can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended. Steps should be taken to guard against such use. I am of the opinion that when written instruments are used it is incumbent upon the trial court to ascertain that the defendant has read said instruments, or has had said instruments read to him, and that he fully understands that he has executed such a document. I think it is further incumbent upon the judge to ascertain whether or not the defendant can read or write. In my opinion the colloquy to ascertain all of this should appear in the record of the case in order that an appellate court can be convinced that there was not just a perfunctory use of written documents." *Page 220 
Twyman v. State, 293 Ala. at 82-83, 300 So.2d at 131 (Heflin, C.J., dissenting).
The majority in Twyman held that a signed form plus a minute entry reciting compliance with Boykin were sufficient if the information contained therein was not contradicted by other portions of the record.
The record in this case contains both a signed form and a minute entry reciting compliance with Boykin, but the minute entry is contradicted by the court reporter's transcript. The judgment entry states that the appellant had been "advised of HIS legal rights by the Court," CR. 16, 18, 20, 22, but the court reporter's transcript of the colloquy between the trial court and the appellant shows that the trial court neither advised the appellant of his rights nor inquired whether he had read, or had had read to him, the rights form before signing it or before pleading guilty. The trial court merely ascertained that the appellant had "signed" the form.
Although the convictions based on these guilty pleas could not stand, under Twyman alone, their invalidity is even more striking when the convictions are examined in light of the current procedure for accepting a guilty plea outlined in Rule 14.4, A.R.Crim.P., and in light of the fact that "the spirit of the Rule is to adopt a statement in the dissenting opinion inTwyman by Chief Justice Heflin, wherein he said: 'There is a danger that the use of such [forms] can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended." H. Maddox, Alabama Rules of CriminalProcedure § 14.4 at 439 (1990).
The appellant's conviction must be reversed because the trial court did not comply with Rule 14.4, specifically subsection (d) of that rule, which
 "authorizes the use of a form to advise the defendant of his rights, but the Rule specifically retains a requirement that the judge must personally address the defendant in order to make sure that he or she understands the form, and that the judge still ascertain that the defendant understands the provisions of the form. The record should show in every case a colloquy between the trial judge and the defendant concerning the plea.
Cf. Twyman v. State, 293 Ala. 75, 300 So.2d 124
(1974)."
H. Maddox, Alabama Rules of Criminal Procedure § 14.4 at 438 (emphasis in original).
The judgment of the circuit court is reversed and the cause is remanded for proceedings consistent with this opinion.
REVERSED AND REMANDED.
All Judges concur.
[1] The "explanation of rights and plea of guilty" form (see Form 70, A.R.Crim.P.) was formerly known as an "Ireland" form. SeeIreland v. State, 47 Ala. App. 65, 250 So.2d 602 (1971).