COBB, Judge.
The appellant, Oscar Brown, Jr., pleaded guilty to and was convicted of arson in the second degree, burglary in the second degree, and theft in the second degree. He was sentenced to seven years’ imprisonment on each conviction, those sentences to run concurrently. On direct appeal he raises one issue.
The appellant contends that the trial court erred to reversal in allegedly failing to follow Rule 14.4, Ala.R.Crim.P., when accepting the appellant’s guilty pleas. Specifically, the appellant claims that his pleas were involuntarily given because, he says, the court did not address him personally when discussing the maximum and minimum sentence ranges for the appellant’s offenses, the right to remain silent, the right to confrontation and cross-examination, the right to subpoena witnesses to testify on his behalf, and whether the appellant fully understood his guilty pleas and the consequences of entering a guilty plea. Further, the court allegedly never discussed with the appellant his right to plead not guilty by reason of mental disease or defect or to plead both not guilty and not guilty by reason of mental disease or defect and to persist in those pleas. The trial court addressed a group of accused persons to discuss matters that pertained to them all.
*154 Rule 14.4(a)(l)(iv), Ala.R.Crim.P., states that the trial court must inform the accused during the guilty plea colloquy that he or she has “the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty.” As this court has previously stated:
“In Twyman v. State, 293 Ala. 75, 81-82, 300 So.2d 124, 130 (1974), our Supreme Court held that an Ireland [v. State, 47 Ala.App. 65, 250 So.2d 602 (1971)] form executed by the defendant and acknowledged by defense counsel and the trial judge may establish that a guilty plea was voluntarily and intelligently made, ‘provided there is other evidence in the record supporting that fact.’ Davis v. State, 348 So.2d 844, 846 (Ala.Crim.App.), cert. denied, 348 So.2d 847 (Ala.1977) (emphasis in Twyman).”
Trice v. State, 601 So.2d 180, 184 (Ala.Crim.App.1992) (footnote omitted).
The record in this case contains an Ireland form properly completed, signed by the trial court, the appellant’s counsel, and the appellant, and filed on the day of the guilty plea hearing. The Ireland form clearly informed the appellant that he had a right to plead not guilty and/or not guilty by mental disease or defect. The Ireland form also contained a signed statement that defense counsel had advised the appellant of his rights. Although the trial court did not specifically refer to the Ireland form, the trial court, during the colloquy, asked the appellant’s attorney if the appellant had been advised of his rights, and the attorney replied that he had. This question came after the trial court engaged in an extensive colloquy with the appellant. That colloquy consists of 20 pages of the transcript. The presence of the executed Ireland form in the record — which contained the rights set out in Rule 14.4(a)(l)(iv), trial counsel’s reaffirmation to the court during the colloquy that he had advised the appellant of his rights, and the extensive colloquy that took place in this case — convince this court that the requirement of Twyman has been met and that the appellant pleaded guilty knowingly, voluntarily, and intelligently. The fact that the trial court did not speak one-to-one with the appellant regarding certain of the above matters has no bearing on the propriety of the colloquy with the appellant. The appellant does not now complain that he did not understand the colloquy, and he did not complain when asked by the trial court whether he had been advised of his rights and whether he understood his rights. (R. 17-18, 23.)
Further, any error that may have been caused by the trial court’s failure to inform the appellant of his right to plead not guilty, not guilty by reason of mental disease or defect (or any combination thereof), or guilty, is harmless error. The appellant obviously knew he had a right to plead not guilty; he had already done so and was withdrawing his plea of not guilty. Likewise, the appellant obviously knew he had a right to plead guilty — he was pleading guilty. The fact that the appellant was not informed that he could plead not guilty by reason of mental disease or defect is harmless error because the appellant has provided us with no evidence that had he known of this right he would have invoked the right. He has not alleged that he was suffering from a mental disease or defect at the time of the offense and would have pleaded not guilty by reason of mental disease or defect if the trial court had informed him of this right.
Those who dissent in this ease cite Brewster v. State, 624 So.2d 217 (Ala.Crim.App.1993), to support their position that the trial court, in failing to personally advise the appellant of his constitutional rights, committed reversible error. However, as Judge Bowen, writing for the majority, stated in Brewster:
“The record in this case contains both a signed form and a minute entry reciting compliance with Boykin, but the minute entry is contradicted by the court reporter’s transcript. The judgment entry states that the appellant had been “advised of HIS legal rights by the Court,” CR. 16,18, 20, 22, but the court reporter’s transcript of the colloquy between the trial court and the appellant shows that the trial court neither advised the appellant of his rights nor inquired whether he had read, or had *155 had read to him, the rights form before signing it or before 'pleading guilty. The trial court merely ascertained that the appellant had ‘signed’ the form.”
624 So.2d at 220 (emphasis added). The facts of Brewster thus clearly distinguish it from the case before us. Here, the court reporter’s transcript reveals that the trial court did, in fact, personally inquire whether the appellant understood his rights and the form he had signed, to which inquiries the appellant responded in the affirmative. (R. 17-18, 23.) In Brewster, the transcript revealed that the trial court had not actually made those inquiries of the appellant. We agree with the theoretical position of those who dissent here; however, the facts of this case do not support their position.
For the foregoing reasons, this court affirms the judgment of the trial court.
AFFIRMED.
PATTERSON and McMILLAN, JJ., concur.
TAYLOR, P.J., and LONG, J., dissent with opinions.