TAYLOR, Presiding Judge,
dissenting.
I dissent from the majority’s opinion in this case, which upholds the appellant’s guilty plea. The appellant pleaded guilty to arson in the second degree, burglary in the second degree, and theft of property in the second. The record reflects that the appellant was not individually addressed by the trial court but was addressed as one of a group before the court pleading guilty to charges against them. The appellant contends that his guilty plea was not knowingly and voluntarily entered and that it was therefore invalid because the court did not personally address him concerning his rights pursuant to Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Rule 14.4, Ala. R.Crim.P. Rule 14.4(a), specifically addresses the requirements for accepting a guilty plea and states in part:
“In all ... cases [other than minor misdemeanors] ... the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
“(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
“(i) The nature of the charge and the material elements of the offense. to which the plea is offered;
“(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;
“(in) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
“(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
“(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her behalf;
“(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her, the right to cross-examine witnesses or have them cross-examined in the defendant’s presence, the right to testify and present evidence and witnesses on the defendant’s own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
“(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant’s guilt; and
“(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promises apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b).
*156 Rule 14.4(d), addresses the use of forms when accepting a guilty plea. This section states:
“(d) Use of Form The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form 68, 69, 70, or Form 71, as the case may be.”
The majority concludes that “any error that may have been caused by the trial court’s failure to inform the appellant of his right to plead not guilty, not guilty by reason of mental disease or defect (or any combination thereof), or guilty, is harmless error.” The majority’s conclusion conflicts with Rule 14.4(d) and Brewster v. State, 624 So.2d 217 (Ala.Cr.App.1993). In Brewster, this court, mindful of the problems that can arise when a guilty plea is based on a “form” and not a personal colloquy, stated:
“The record in this case contains both a signed form and a minute entry reciting compliance with Boykin, but the minute entry is contradicted by the court reporter’s transcript. The judgment entry states that the appellant had been ‘advised of HIS legal rights by the Court,’ CR. 16,18, 20, 22, but the court reporter’s transcript of the colloquy between the trial court and the appellant shows that the trial court neither advised the appellant of his rights nor inquired whether he had read, or had had read to him, the rights form before signing it or before pleading guilty. The trial court merely ascertained that the appellant had ‘signed’ the form.
“Although the convictions based on these guilty pleas could not stand ... their invalidity is even more striking when the convictions are examined in light of the current procedure for accepting a guilty plea outlined in Rule 14.4, A.R.Crim.P., and in light of the fact that ‘the spirit of the Rule is to adopt a statement in the dissenting opinion in Twyman [v. State, 293 Ala. 75, 300 So.2d 124 (1974) ] by Chief Justice Heflin, wherein he said: “There is a danger that the use of such [forms] can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended.” H. Maddox, Alabama Rules of Criminal Procedure § 14.4 at 439 (1990).
“The appellant’s conviction must be reversed because the trial court did not comply with Rule 14.4, specifically subsection (d) of that rule, which
“ ‘authorizes the use of a form to advise the defendant of his rights, but the Rule specifically retains a requirement that the judge must personally address the defendant in order to make sure that he or she understands the form, and that the judge still ascertain that the defendant understands the provisions of the form. The record should show in every case a colloquy between the trial judge and the defendant concerning the plea. Cf. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974).”
“H. Maddox, Alabama Rules of Criminal Procedure § 14.4 at 438 (emphasis in original).”
624 So.2d at 220.
The trial court here failed to comply with Rule 14.4, Ala.R.Crim.P. For that reason, I must dissent.