LONG, Judge
(dissenting).
I would hold that the trial court erred by denying the appellant’s motion to withdraw his guilty pleas, because I believe that before those pleas were entered, the trial court failed to comply with Rule 14.4(a)(l)(iv), Ala. R.Crim.P., which requires the court to inform the defendant of “[t]he fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect and to persist in such a plea if it has already been made, or to plead guilty.” The record reflects that the appellant was not advised of these rights by the trial court during the Boykin colloquy, and, as the majority notes, the trial court made no reference to the signed Ireland form (wherein these rights are set out) during its colloquy with appellant. In Brewster v. State, 624 So.2d 217, 220 (Ala.Cr.App.1993), this court held that Brewster could withdraw his guilty plea because the trial *157 court did not comply with Rule 14.4, even though the record on appeal contained an Ireland form signed by Brewster and reflected that the trial court had ascertained that Brewster had “signed” the form. This court held that the record was insufficient to establish compliance with Rule 14.4(d), which allows the use of an Ireland form to advise a defendant of his rights, because, where the Ireland form is used as the means of advising a defendant, the record must show that the trial court personally addressed the defendant to ascertain whether the defendant has read the form, or has had the form read to him, before pleading guilty and to ascertain — presumably by the defendant’s affirmative representation — that the defendant understands the form. See Rule 14.4(d); Brewster, 624 So.2d at 220.
I believe that the majority stretches Rule 14.4(d) and the holding in Twyman too far when it holds that Rule 14.4 was satisfied in this ease by the signed Ireland form coupled with defense counsel’s statement to the trial court during the colloquy that he had advised the appellant of his rights. This court noted in Brewster, quoting H. Maddox, Alabama Rules of Criminal Procedure § 14.4 at 439 (1990), that ‘“the spirit of the Rule is to adopt a statement in the dissenting opinion in Twyman by Chief Justice Heflin, wherein he said: “There is a danger that the use of such [forms] can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended.”’” Brewster, 624 So.2d at 220. I do not think that it is too much to ask that the trial court, when accepting a guilty plea, establish a record that affirmatively reflects that the defendant has been advised of his or her rights. When the record does not show that the trial court has advised the defendant of his or her rights directly during the colloquy, it should at least show that the trial court has ascertained from the defendant that the defendant has read and understood the signed Ireland form. Because that was not done here, I must respectfully dissent.