# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 98-2941SD

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | On Appeal from the United States |
| v. | * | District Court for the |
| | * | District of South Dakota. |
| Oris L. Morrison, | * | |
| | * | |
| Appellant. | * | |

_____

Submitted: February 26, 1999

Filed: March 10, 1999

_____

Before RICHARD S. ARNOLD, BEAM, and HANSEN, Circuit Judges.

_____

RICHARD S. ARNOLD, Circuit Judge.

After Morrison pleaded guilty to a felon-in-possession charge, in violation of 18 U.S.C. §§ 922(g) and 924(a)(2), the District Court[1] sentenced him to three years and one month imprisonment, and three years supervised release. Appellate counsel moved to withdraw pursuant to Anders v. California, 386 U.S. 738 (1967), and we granted Morrison permission to file a pro se supplemental brief, which he has done.

_____

[1]The Honorable Richard H. Battey, Chief Judge, United States District Court for the District of South Dakota.

The government has filed a motion to dismiss Morrison's appeal, arguing that he waived his right to appeal. We grant the government's motion to dismiss.

Morrison's written plea agreement contains the following language:

> WAIVER OF DEFENSES AND APPEAL RIGHTS: Defendant hereby waives any right to raise and/or appeal and/or file any post-conviction writs of habeas corpus or coram nobis concerning any and all motions, defenses, probable cause determinations, and objections which defendant has asserted or could assert to this prosecution and to the Court's entry of judgment against defendant and imposition of sentence under 18 U.S.C. § 3742 (sentence appeals). Both the defendant and the United States reserve the right to appeal a departure from a guideline sentence.

This appeal waiver may be enforced if Morrison made a knowing and voluntary decision to forego his right to appeal. See United States v. Michelsen, 141 F.3d 867, 871 (8th Cir.), cert. denied, 119 S. Ct. 363 (1998). Although Morrison argues that his plea was not knowing and voluntary, he has not made an adequate showing on this issue. Our review of the plea-hearing transcript convinces us that Morrison understood his rights and made a voluntary and intelligent choice among alternative courses of action. See United States v. Gray, 152 F.3d 816, 819 (8th Cir. 1998) (whether guilty plea was knowing and voluntary is mixed question of fact and law that this court reviews de novo), cert. denied, 67 U.S.L. Week 3527 (U.S. Feb. 22, 1999); United States v. Vest, 125 F.3d 676, 679 (8th Cir. 1997). Moreover, the appeal-waiver language is clear; the Court brought the appeal waiver to Morrison's attention at the plea hearing, and Morrison said he understood he was waiving "valuable rights of appeal"; the Court again brought the waiver to Morrison's attention at the sentencing hearing; and the sentence imposed does not conflict with the plea agreement. See United States v. Greger, 98 F.3d 1080, 1081-82 (8th Cir. 1996); United States v. Rutan, 956 F.2d 827, 829-30 & n.3 (8th Cir. 1992).

Accordingly, we enforce Morrison's promise not to appeal by dismissing his appeal. See <u>United States v. Williams</u>, 160 F.3d 450, 452 (8th Cir. 1998) (per curiam). Morrison made a motion in the District Court for leave to withdraw his plea. The Court denied the motion. Morrison seeks review of this action, but the reason he gave for wanting to withdraw the plea was that he did not enter it knowingly and voluntarily. We have already explained why this reason is without merit.

Appeal dismissed.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.