# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 00-2522

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the |
| | * | District of Minnesota |
| Raymond Terrance Franklin, also | * | |
| known as John Edwin Bailey, | * | [UNPUBLISHED] |
| | * | |
| Appellant. | * | |

_____

Submitted: July 5, 2001

Filed: July 11, 2001

_____

Before McMILLIAN, BOWMAN, and MORRIS SHEPPARD ARNOLD,
    Circuit Judges.

_____

PER CURIAM.

Raymond Terrance Franklin appeals from the final judgment entered in the District Court[1] for the District of Minnesota after he pleaded guilty to conspiring to distribute and possess with the intent to distribute cocaine, in violation of 21 U.S.C. §§ 841 and 846. The district court sentenced him to 125 months imprisonment and 5

_____

[1]The Honorable Donovan W. Frank, United States District Judge for the District of Minnesota.

years supervised release. On appeal, Franklin's counsel has filed a brief and moved to withdraw pursuant to <u>Anders v. California</u>, 386 U.S. 738 (1967). Franklin has filed a pro se supplemental brief, arguing a prior robbery conviction should not have been counted as a predicate offense under the career-offender Guideline, his counsel was ineffective, and his sentence violated <u>Apprendi v. New Jersey</u>, 530 U.S. 466 (2000).

Upon a thorough review of the record, we conclude Franklin knowingly and voluntarily waived his right to appeal his sentence in his plea agreement. <u>See</u> <u>United States v. Morrison</u>, 171 F.3d 567, 568 (8th Cir. 1999); <u>United States v. Michelsen</u>, 141 F.3d 867, 871-72 (8th Cir.), <u>cert. denied</u>, 525 U.S. 942 (1998). Accordingly, we enforce the appeal waiver, dismiss the appeal, and grant counsel's motion to withdraw.[2]

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.

---

[2]Any ineffective- assistance claim not waived should be deferred to a 28 U.S.C. § 2255 proceeding. To the extent Franklin's <u>Apprendi</u> argument is not foreclosed by the plea agreement, we reject it as meritless. <u>See</u> <u>United States v. Aguayo-Delgado</u>, 220 F.3d 926, 934 (8th Cir.) (holding sentences within statutory range authorized by § 841(b)(1)(C) without reference to drug quantity are permissible under <u>Apprendi</u> even where drug quantity was not charged in indictment or found by jury beyond reasonable doubt), <u>cert. denied</u>, 121 S. Ct. 600 (2000).