840 So.2d 926 (2002)
Vincent Earl BOGLIN
v.
STATE of Alabama.
CR-00-1102.
Court of Criminal Appeals of Alabama.
April 26, 2002.
Rehearing Denied June 21, 2002.
*928 Vincent Earl Boglin, pro se.
Bill Pryor, atty. gen., and Jean A. Therkelsen, asst. atty. gen., for appellee.
SHAW, Judge.
Vincent Earl Boglin appeals the circuit court's summary denial of his Rule 32, Ala.R.Crim.P., petition for postconviction relief.
On August 20, 1999, pursuant to a negotiated plea agreement, Boglin pleaded guilty to theft of property in the second degree. In accordance with the plea agreement, he was sentenced as a habitual offender to 15 years' imprisonment. As part of the plea agreement, Boglin waived his right to appeal and his right to collaterally attack his conviction; he signed a detailed written waiver entitled "Notice and Waiver of Right to Appeal and Right to Seek Post-Conviction Relief," which is included in the record before this Court.[1] (C. 49.) Boglin did not appeal. However, on November 15, 1999, Boglin filed the present Rule 32 petition attacking his conviction.
In his petition, Boglin presented a laundry list of claims, including claims that *929 his guilty plea was involuntary, that his waiver of his right to appeal and his right to collaterally attack his conviction was involuntary, and that his trial counsel was ineffective.[2] After receiving a response from the State, the circuit court summarily denied Boglin's petition. In its order, the circuit court found that the majority of Boglin's claimsincluding his claims that his guilty plea and waiver were involuntary and that his trial counsel was ineffective had been waived by Boglin's plea agreement.[3]
It is well settled that a defendant may, as part of a negotiated plea agreement, agree to waive his right to appeal "so long as he is fully advised of its implications and he voluntarily agrees to enter into the agreement." Watkins v. State, 659 So.2d 688, 689 (Ala.Crim.App.1994). See also Dunn v. State, 514 So.2d 1300 (Ala.1987); Watson v. State, 808 So.2d 77 (Ala.Crim.App.2001); Jones v. State, 675 So.2d 69 (Ala.Crim.App.1995); and Gwin v. State, 456 So.2d 845 (Ala.Crim.App. 1984). "[A] colloquy with the defendant that reflects that he or she was informed of the right to appeal and that he or she chose to waive this right is sufficient to show a valid and enforceable waiver." Watson, 808 So.2d at 80. In addition, just like a challenge to the voluntariness of a guilty plea, the issue of the voluntariness of a waiver of the right to appeal will be reviewed on direct appeal if it is first presented to the trial court.
The reasoning behind permitting a defendant to challenge on direct appeal the voluntariness of a waiver of the right to appeal if that issue is properly preserved in the trial court is clear: an agreement that purports to waive a right may be enforced only if that waiver is voluntarily and knowingly entered. Because a waiver must be voluntary, due process requires that a defendant have the opportunity to challenge the voluntariness of that waiver. Due process does not override the basic law of preservation, however, and the issue must first be presented to the trial court before it will be reviewed on direct appeal. Moreover, because a waiver of the right to appeal is part and parcel of the guilty plea itself, an involuntary guilty plea will render the waiver involuntary as well. Therefore, an accused may likewise challenge the voluntariness of the guilty plea on direct appeal if that issue is properly preserved, despite the presence of a waiver.
The question in this case is whether the voluntariness of a guilty plea and the voluntariness of a waiver of the right to appeal and to collaterally attack a conviction may be raised for the first time in a Rule 32 petition, despite the presence of the waiver purporting to bar collateral review. We believe the same reasoning this Court has used in deciding to review voluntariness issues on direct appeal should likewise be applied to voluntariness issues raised for the first time in Rule 32 petitions.
The Alabama Supreme Court has held that the voluntariness of a guilty plea may be raised for the first time in a Rule 32 petition. See Cantu v. State, 660 So.2d 1026 (Ala.1994). The presence of a *930 waiver of the right to collateral review should not bar review of the voluntariness of a guilty plea because, as noted above, an involuntary guilty plea will necessarily render the waiver involuntary and a waiver cannot be enforced if it is not voluntary. For this same reason, the voluntariness of the waiver itself may also be reviewed in a Rule 32 petition. In addition, because ineffective assistance of counsel may, in some circumstances, render a guilty plea involuntary, see Ex parte Blackmon, 734 So.2d 995 (Ala.1999), we believe that claims of ineffective assistance of trial counsel may also be raised in a Rule 32 petition, despite a waiver of collateral review.
Our conclusion in this respect is similar to the conclusion reached in other jurisdictions. In DeRoo v. United States, 223 F.3d 919 (8th Cir.2000), the United States Court of Appeals for the Eighth Circuit stated:
"There is no question in this circuit that a knowing and voluntary waiver of direct-appeal rights is generally enforceable. See United States v. Goings, 200 F.3d 539, 543 (8th Cir.2000). We also have enforced a defendant's plea agreement promise to `waive his right to appeal, or challenge via post-conviction writs of habeas corpus or coram nobis, the district court's entry of judgment and imposition of sentence.' [United States v.] His Law, 85 F.3d [379,] 379 [(8th Cir.1996)]. This Court has not had prior occasion to address whether a defendant may waive [28 U.S.C. § ] 2255 collateral-attack rights in a plea agreement. See Latorre [v. United States], 193 F.3d [1035,] 1037 n. 1 [(8th Cir. 1999) ].
"As a general rule, we see no reason to distinguish the enforceability of a waiver of direct-appeal rights from a waiver of collateral-attack rights in the plea agreement context. See id. (citing Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.1999)). The `chief virtues' of a plea agreement are speed, economy, and finality. See United States v. Rutan, 956 F.2d 827, 829 (8th Cir.1992). Those virtues are promoted by waivers of collateral appeal rights as much as by waivers of direct appeal rights. Waivers preserve the finality of judgments and sentences, and are of value to the accused to gain concessions from the government. See id.

"However, such waivers are not absolute. For example, defendants cannot waive their right to appeal an illegal sentence or a sentence imposed in violation of the terms of an agreement. See United States v. Michelsen, 141 F.3d 867, 872 (8th Cir.), cert. denied, 525 U.S. 942, 119 S.Ct. 363, 142 L.Ed.2d 299 (1998). In addition, the decision to be bound by the provisions of the plea agreement, including the waiver provisions must be knowing and voluntary. See United States v. Morrison, 171 F.3d 567, 568 (8th Cir.1999). ...
"A decision to enter into a plea agreement cannot be knowing and voluntary when the plea agreement itself is the result of advice outside `the range of competence demanded of attorneys in criminal cases.' Hill v. Lockhart, 474 U.S. 52, 56, 106 S.Ct. 366, 88 L.Ed.2d 203 (1985) (quoting McMann v. Richardson, 397 U.S. 759, 771, 90 S.Ct. 1441, 25 L.Ed.2d 763 (1970)); Tollett v. Henderson, 411 U.S. 258, 266-67, 93 S.Ct. 1602, 36 L.Ed.2d 235 (1973). Therefore, `[j]ustice dictates that a claim of ineffective assistance of counsel in connection with the negotiation of a cooperation agreement cannot be barred by the agreement itselfthe very product of the alleged ineffectiveness.' Jones, 167 F.3d at 1145 (defendant convicted and entered into cooperation *931 agreement before sentencing). We find the reasoning of Jones not only compelling, but logically required. A defendant's plea agreement waiver of the right to seek section 2255 post-conviction relief does not waive defendant's right to argue, pursuant to that section, that the decision to enter into the plea was not knowing and voluntary because it was the result of ineffective assistance of counsel. Other courts agree that a waiver of section 2255 rights does not automatically preclude a defendant from raising ineffective assistance of counsel claims in a post-conviction motion. See United States v. Henderson, 72 F.3d 463, 465 (5th Cir.1995) (`dismissal of an appeal based on a waiver in the plea agreement is inappropriate where the defendant's motion to withdraw the plea incorporates a claim that the plea agreement generally and the defendant's waiver of appeal specifically, were tainted by ineffective assistance of counsel'); United States v. Abarca, 985 F.2d 1012, 1014 (9th Cir.), cert. denied, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993) (stating waiver does not `categorically' foreclose defendant's right to bring motion under section 2255 for ineffective assistance of counsel); see also United States v. Craig, 985 F.2d 175, 178 (4th Cir.1993) (per curiam) (holding waiver did not preclude Rule 32(d) motion challenging validity of waiver due to ineffective assistance of counsel)."
223 F.3d at 923-24. See also United States v. Cockerham, 237 F.3d 1179 (10th Cir.2001), cert. denied, 534 U.S. 1085, 122 S.Ct. 821, 151 L.Ed.2d 703 (2002); Jones v. United States, 167 F.3d 1142, 1145 (7th Cir.1999); Watson v. United States, 165 F.3d 486 (6th Cir.1999); United States v. Wilkes, 20 F.3d 651 (5th Cir.1994); United States v. Abarca, 985 F.2d 1012 (9th Cir.), cert. denied, 508 U.S. 979, 113 S.Ct. 2980, 125 L.Ed.2d 677 (1993); and Allen v. Thomas, 265 Ga. 518, 458 S.E.2d 107 (1995).
We hold that although a waiver of the right to seek postconviction relief given as part of a plea agreement is generally enforceable, it cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness. Therefore, the circuit court erred in finding that Boglin's claims that his guilty plea was involuntary, that his waiver of his right to appeal and to collaterally attack his conviction was involuntary, and that his trial counsel was ineffective were waived by the plea agreement.
Boglin contends that his guilty plea and his waiver of his right to appeal and to collaterally attack his conviction were involuntary because, he says, he was never informed of the constitutional rights he would be relinquishing by pleading guilty, as required by Rule 14.4, Ala. R.Crim.P. In addition, Boglin argues that the trial court failed to ascertain, during the guilty-plea colloquy, that he understood the consequences of waiving his right to appeal and to collaterally attack his conviction.
During the guilty-plea colloquy, a copy of which is contained in the record before this Court, the following occurred:
"[The Court]: How old are you?
"[Boglin]: Thirty-four.
"[The Court]: How far have you gone in school?
"[Boglin]: Graduated.
"[The Court]: Do you read and right okay?
"[Boglin]: Yes, sir.
"[The Court]: Did you sign these three documents given to me by your lawyer, one called explanation of rights and plea *932 of guilty and the other called notice and waiver of right to appeal and right to collaterally seek postconviction relief and the other called notice and waiver of indigency status?
"[Boglin]: Yes, sir.
"[The Court]: Did you sign each of these documents of your own free will?
"[Boglin]: Yes, sir.
"[The Court]: Did anybody pressure you or force you to sign them?
"[Boglin]: No, sir.
"[The Court]: Did anybody promise you or offer you anything to get you to sign them?
"[Boglin]: No, sir.
"[The Court]: In this case, you're charged with theft in the second degree. The State alleges that you have at least three or more prior felony convictions. I think, specifically, they are alleging seven prior felonies. If that allegation is true, then the range of punishment is a minimum of 15 years to a maximum of life or 99 years in the State penitentiary upon conviction for this offense. Is that your understanding?
"[Boglin]: Yes, sir.
"[The Court]: If you will read the indictment, please.
"[Prosecutor]: State of Alabama, Morgan County Circuit Court, May term, 1998. Grand jury of said county charges that before the finding of this indictment, Vincent Boglin, whose name is to the grand jury otherwise unknown, did knowingly obtain or exert unauthorized control over one pressure washer, property of Wal-Mart Stores, Incorporated, a corporation, of a value of $300 with the intent to deprive the owner of said property in violation of Section 13A-8-4, the Code of Alabama, against the peace and dignity of the State of Alabama, and its signed by Bob Burrell, District Attorney, Eighth Judicial Circuit.
"[The Court]: Do you understand what you are charged with?
"[Boglin]: Yes, sir.
"[The Court]: How do you plead to that charge of theft in the second degree?
"[Boglin]: Guilty."
(C. 107-10.) The record on appeal contains a copy of both the Ireland form[4] and the form in which Boglin waived his right to appeal and to collaterally attack his conviction. Both are signed by Boglin and his attorney.
Rule 14.4, Ala.R.Crim.P., provides, in pertinent part:
"(a) Colloquy With Defendant. In all minor misdemeanor cases, the execution of a form similar to Form 68 will be sufficient and no colloquy shall be required. In all other cases, except where the defendant is a corporation or an association, the court shall not accept a plea of guilty without first addressing the defendant personally in the presence of counsel in open court for the purposes of:
"(1) Ascertaining that the defendant has a full understanding of what a plea of guilty means and its consequences, by informing the defendant of and determining that the defendant understands:
"(i) The nature of the charge and the material elements of the offense to which the plea is offered;
"(ii) The mandatory minimum penalty, if any, and the maximum possible penalty provided by law, including any enhanced sentencing provisions;

*933 "(iii) If applicable, the fact that the sentence may run consecutively to or concurrently with another sentence or sentences;
"(iv) The fact that the defendant has the right to plead not guilty, not guilty by reason of mental disease or defect, or both not guilty and not guilty by reason of mental disease or defect, and to persist in such a plea if it has already been made, or to plead guilty;
"(v) The fact that the defendant has the right to remain silent and may not be compelled to testify or give evidence against himself or herself, but has the right, if the defendant wishes to do so, to testify on his or her own behalf;
"(vi) The fact that, by entering a plea of guilty, the defendant waives the right to trial by jury, the right to confront witnesses against him or her; the right to cross-examine witnesses or have them cross-examined in defendant's presence, the right to testify and present evidence and witnesses on the defendant's own behalf, and the right to have the aid of compulsory process in securing the attendance of witnesses; and
"(vii) The fact that, if the plea of guilty is accepted by the court, there will not be a further trial on the issue of defendant's guilt; and
"(2) Determining that the plea is voluntary and not the result of force, threats, or coercion, nor of any promise apart from the plea agreement that has been disclosed to the court as provided in Rule 14.3(b).
"....
"(d) Use of Form. The court may comply with the requirements of Rule 14.4(a) by determining from a personal colloquy with the defendant that the defendant has read, or has had read to the defendant, and understands each item contained in Form 68, 69, 70, or Form 71, as the case may be."
(Emphasis added.) The committee comments to Rule 14.4 state, in pertinent part:
"Section (d) is included to accommodate the current Alabama practice of informing the defendant of his rights through a form similar to that approved in Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971), and subsequent cases. The rule, however, specifically retains the requirement that the trial judge personally address the defendant in order to determine that he understands the contents of the form and that the judge specifically question the defendant concerning the information contained in each item. Thus, in every case, the record should affirmatively show a colloquy between the trial judge and the defendant concerning all such matters. Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), held that where the record affirmatively shows that the defendant was informed of and understood his rights, the record need not include a full transcript of the colloquy. Subsequent cases in the Court of Appeals have held that while a full colloquy is not required where the form is used, the record must show that the trial judge made inquiry as to the defendant's understanding of the rights set out in the form. This rule requires such a colloquy and requires that specific inquiry be made with regard to the rights set out in Rule 14.4(a)(1) and (2). Such procedure will ensure that the form herein approved does not `become so commonplace and perfunctory that [it fails] to serve the purpose for which [it is] intended.' See Twyman v. State, 293 Ala. 75, 83, 300 *934 So.2d 124, 131 (1974) (Heflin, C.J., dissenting)."
(Emphasis added.)
In this case, although the trial court asked Boglin if he had signed the Ireland form, to which Boglin replied that he had, the court never inquired as to whether Boglin understood the contents of that form. In Brewster v. State, 624 So.2d 217 (Ala.Crim.App.1993), a case almost identical to the present case, this Court held that the appellant's guilty plea was not voluntary where the trial court determined that the appellant had signed the Ireland form, but failed to ascertain whether the appellant understood the contents of the form. We said:
"A guilty `plea is only properly accepted... upon satisfaction of the requisites of Boykin [v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969)], including the trial judge's determination that the guilty plea was knowingly and voluntarily entered by the accused. The record must reflect sufficient facts from which such determination could properly be made.' Dingler v. State, 408 So.2d 530, 532 (Ala.1981).
"Prior to the adoption of the Rules of Criminal Procedure, there had been some question regarding what facts were sufficient to show compliance with Boykin. See, e.g., Walcott v. State, 48 Ala.App. 754, 263 So.2d 177 (1971), cert. denied, 288 Ala. 546, 547, 263 So.2d 178 (1972). For a time it was unclear whether the record must include a court reporter's transcript of a full Boykin colloquy with the accused, or whether something else, such as the accused's signature on an `Ireland' form would suffice.
"In Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974), the Alabama Supreme Court answered those questions. The court held that a transcript of a Boykin colloquy was not required if the record contained an `Ireland' form signed by the defendant and there was other evidence in the record to support the fact that the defendant had been informed of his rights before signing the form. See Davis v. State, 348 So.2d 844, 846 (Ala. Cr.App.), cert. denied, 348 So.2d 847 (Ala.1977). The `other evidence' in Twyman was a minute entry reflecting that the court had questioned the accused about his execution of the `Ireland' form, after which the accused
"`stat[ed] to the Court that he ha[d] read said exhibit or ha[d] had said exhibit read to him by his counsel and that his counsel ha[d] fully explained to him the contents of said exhibit and that he fully underst[oo]d same and ha[d] no questions about same.'

"Twyman v. State, 293 Ala. at 78, 300 So.2d at 127. Because there was nothing in the record in Twyman to contradict the court's minute entry, that minute entry sufficed to show compliance with Boykin.

"Chief Justice Heflin dissented in Twyman. He made the following observations:
"`I am of the opinion that written instruments can be used in connection with the requirements of Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274. There is a danger that the use of such can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended. Steps should be taken to guard against such use. I am of the opinion that when written instruments are used it is incumbent upon the trial court to ascertain that the defendant has read said instruments, or has had said instruments read to him, and that he fully understands that he has executed *935 such a document. I think it is further incumbent upon the judge to ascertain whether or not the defendant can read or write. In my opinion the colloquy to ascertain all of this should appear in the record of the case in order that an appellate court can be convinced that there was not just a perfunctory use of written documents.'

"Twyman v. State, 293 Ala. at 82-83, 300 So.2d at 131 (Heflin, C.J., dissenting).
"The majority in Twyman held that a signed form plus a minute entry reciting compliance with Boykin were sufficient if the information contained therein was not contradicted by other portions of the record.
"The record in this case contains both a signed form and a minute entry reciting compliance with Boykin, but the minute entry is contradicted by the court reporter's transcript. The judgment entry states that the appellant had been `advised of HIS legal rights by the Court,' CR. 16, 18, 20, 22, but the court reporter's transcript of the colloquy between the trial court and the appellant shows that the trial court neither advised the appellant of his rights nor inquired whether he had read, or had had read to him, the rights form before signing it or before pleading guilty. The trial court merely ascertained that the appellant had `signed' the form.
"Although the convictions based on these guilty pleas could not stand, under Twyman alone, their invalidity is even more striking when the convictions are examined in light of the current procedure for accepting a guilty plea outlined in Rule 14.4, A[la].R.Crim.P., and in light of the fact that `the spirit of the Rule is to adopt a statement in the dissenting opinion in Twyman by Chief Justice Heflin, wherein he said: "There is a danger that the use of such [forms] can become so commonplace and perfunctory that they fail to serve the purpose for which they are intended."' H. Maddox, Alabama Rules of Criminal Procedure § 14.4 at 439 (1990)."
624 So.2d at 219-20 (footnote omitted).
Similarly, in this case, although the record contains an Ireland form signed by Boglin and his counsel, the transcript of the guilty-plea colloquy reflects that the trial court did not advise Boglin of his rights and did not inquire as to whether Boglin had read, or had had read to him, and understood the contents of the Ireland form. As in Brewster, the trial court ascertained only that Boglin had "signed" the Ireland form. In addition, this case does not fall within this Court's holding in Brown v. State, 695 So.2d 153 (Ala.Crim. App.1996). In Brown, this Court, with three judges concurring and two judges dissenting, upheld the appellant's guilty plea as voluntary and held that the trial court had complied with Rule 14.4(d), Ala. R.Crim.P., where the record contained an Ireland form signed by the appellant and his counsel and, unlike here, the transcript of the guilty-plea colloquy showed that the appellant's counsel had stated to the court that he had advised the appellant of all of his rights. Specifically, this Court stated:
"The presence of the executed Ireland form in the recordwhich contained the rights set out in Rule 14.4(a)(1)(iv), trial counsel's reaffirmation to the court during the colloquy that he had advised the appellant of his rights, and the extensive colloquy that took place in this case convince this court that the requirement of Twyman has been met and that the appellant pleaded guilty knowingly, voluntarily, and intelligently."
695 So.2d at 154.
Based on the cases cited above, we must conclude that Boglin's guilty plea was involuntary because the trial court failed to *936 comply with Rule 14.4(d), Boykin v. Alabama, 395 U.S. 238, 89 S.Ct. 1709, 23 L.Ed.2d 274 (1969), and Twyman v. State, 293 Ala. 75, 300 So.2d 124 (1974).[5]
Because Boglin's guilty plea was involuntary, the circuit court erred in denying Boglin's Rule 32 petition. Therefore, the judgment of the circuit court denying Boglin's Rule 32 petition is reversed, and this cause is remanded to the circuit court for that court to grant Boglin's Rule 32 petition, to set aside Boglin's guilty plea and the resulting conviction, and to restore the case to the docket for appropriate disposition.
REVERSED AND REMANDED.
McMILLAN, P.J., and COBB, J., concur.
BASCHAB, J., concurs in part and dissents in part, with opinion, which WISE, J., joins.
BASCHAB, Judge, concurring in part and dissenting in part.
I concur with that part of the majority opinion that holds that "a waiver of the right to seek postconviction relief ... cannot operate to preclude a defendant from filing a Rule 32 petition challenging the voluntariness of the guilty plea, the voluntariness of the waiver, or counsel's effectiveness." However, I dissent from that part of the majority opinion that holds that the appellant did not voluntarily enter his guilty plea because the trial court allegedly did not comply with the requirements set forth in Rule 14.4(d), Ala. R.Crim. P., Boykin, and Twyman. I appreciate the necessity of ensuring that a defendant understands his rights when he signs documents such as the ones the appellant signed in this case. However, in this case, even though it did not specifically ask the appellant whether he understood his rights, the trial court had a reasonable basis for concluding that the appellant understood his rights and that he voluntarily waived them. It asked the appellant if he could read and write and if he had signed each of the documents of his own free will, and the appellant responded that he had. Therefore, the trial court could have concluded, by implication, that the appellant had read the documents. Also, once he signed the documents, there was, as there is with any other contract, a presumption that the appellant understood the documents and that the documents were valid. Finally, the trial court personally addressed the appellant and had the opportunity to observe his demeanor and body language during the plea proceeding. Under these circumstances, the trial court could have reasonably concluded that the appellant understood what he was doing. Requiring that every guilty plea colloquy contain the "magic words" "do you understand" will undercut the effectiveness of a form that was intended to be a practical solution in the courtroom. Instead, the determination of whether a defendant understands his rights should be made on a case-by-case basis. Accordingly, I respectfully concur in part and dissent in part.
NOTES
[1] The waiver expressly excluded jurisdictional claims.
[2] Another claim Boglin raised in his petition was that the trial court lacked jurisdiction to accept his guilty plea because, he said, his indictment was void. We have reviewed the indictment and conclude that it is valid. Because the indictment is valid, the trial court had jurisdiction to accept Boglin's guilty plea.
[3] The circuit court also found that Boglin had failed to plead sufficient facts to establish his counsel's ineffectiveness.
[4] See Ireland v. State, 47 Ala.App. 65, 250 So.2d 602 (1971).
[5] Because Boglin's guilty plea was involuntary and he is entitled to relief on that claim, we need not review the remainder of the claims in Boglin's petition.