# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-2180

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Appellee, | * | |
| | * | Appeal from the United States |
| v. | * | District Court for the Western |
| | * | District of Missouri. |
| Rafael Alejandrez, | * | |
| | * | [UNPUBLISHED] |
| Appellant. | * | |

_____

Submitted:  March 31, 2003

Filed:  April 3, 2003

_____

Before MORRIS SHEPPARD ARNOLD, BYE, and RILEY, Circuit Judges.

_____

PER CURIAM.

After Rafael Alejandrez pleaded guilty to interstate travel in aid of unlawful activity (cocaine distribution) in violation of 18 U.S.C. § 1952, the district court[1] sentenced him to 60 months imprisonment and 3 years supervised release. The written plea agreement contained an appeal waiver in which Mr. Alejandrez agreed not to appeal his sentence unless the sentencing judge departed upward, or imposed a sentence in excess of the statutory maximum or a sentence in violation of law apart

_____

[1]The Honorable Gary Fenner, United States District Judge for the Western District of Missouri.

from the Guidelines. On appeal, counsel has moved to withdraw and has filed a brief under <u>Anders v. California</u>, 386 U.S. 738 (1967). Mr. Alejandrez has filed a pro se supplemental brief, arguing that the district court erred in not granting him a 2-level reduction under U.S.S.G. § 2D1.1(b)(6), and also in not granting a substantial-assistance departure. After careful review of the record, we affirm.

We conclude that the plea agreement's sentence-appeal waiver should be enforced. Mr. Alejandrez acknowledged his understanding of the appeal waiver at the plea hearing and the sentence imposed was not inconsistent with the plea agreement. <u>See</u> <u>United States v. Morrison</u>, 171 F.3d 567, 568 (8th Cir. 1999) (appeal waiver enforced where its language was clear, court brought waiver to defendant's attention at plea hearing, defendant acknowledged he was waiving appeal rights, and sentence imposed was not contrary to plea agreement). Therefore, we will not entertain Mr. Alejandrez's sentencing arguments.

Upon reviewing the record independently under <u>Penson v. Ohio</u>, 488 U.S. 75 (1988), we find no nonfrivolous unwaived issues for appeal. Accordingly, we affirm. We also grant counsel's motion to withdraw.

A true copy.

Attest:

CLERK, U.S. COURT OF APPEALS, EIGHTH CIRCUIT.