# United States Court of Appeals
## FOR THE EIGHTH CIRCUIT

_____

No. 02-3960

_____

| | | |
|---|---|---|
| United States of America, | * | |
| | * | |
| Plaintiff-Appellee, | * | |
| | * | |
| v. | * | Appeal form the United States |
| | * | District Court for the Western |
| Jack C. Collinsworth, | * | District of Missouri. |
| | * | |
| Defendant-Appellant. | * | [UNPUBLISHED] |
| | * | |
| | * | |

_____

Submitted: December 16, 2003
Filed: April 28, 2004

_____

Before MELLOY, BEAM, and COLLOTON, Circuit Judges.

_____

MELLOY, Circuit Judge.

Defendant Jack Collinsworth was charged with conspiring to manufacture and distribute methamphetamine, in violation of 21 U.S.C. § 846. On the day of trial, after the district court[1] had heard preliminary motions and before the voir dire process had started, defendant informed the court that he wished to plead guilty. Thereafter, he and the district court engaged in the standard plea colloquy, as set forth in Rule 11

_____

[1] The Honorable Ortrie D. Smith, United States District Judge for the Western District of Missouri.

of the Federal Rules of Criminal Procedure. Upon defendant's request, the district court then adopted the plea agreement.

A few days before his sentencing hearing, defendant filed a pro se motion to withdraw his guilty plea. Defendant claimed that he had not understood the consequences of his plea due to the urgency of the plea negotiation on the day of trial, that his attorney had not adequately explained the agreement to him, and that the then-recent deaths of his child and grandfather placed him in a depressed mental state. Defendant maintained that he believed he was pleading to simple possession rather than conspiracy to manufacture and distribute methamphetamine. The district court denied defendant's motion to withdraw his plea and sentenced him to 235 months of imprisonment. Defendant now appeals the district court's denial of his motion to withdraw his plea.

The government argues that defendant waived his right to appeal his conviction. "When reviewing a purported waiver, we must confirm that the appeal falls within the scope of the waiver and that both the wavier and plea agreement were entered into knowingly and voluntarily." United States v. Andis, 333 F.3d 886, 889-890 (8th Cir. 2003). We also consider whether the enforcement of the waiver would result in a miscarriage of justice. Id. at 890.

Defendant's plea agreement provides, in relevant part:

> The parties expressly waive the right to appeal or collaterally attack by post-conviction motion any sentencing issue, including the applicability of certain U.S. Sentencing Guidelines provisions, which have been addressed and agreed upon in this Plea Agreement, and which are set forth in paragraph 12. Each party retains the right to appeal only sentencing issues which have not been agreed-upon or which have not been specifically addressed in the Plea Agreement. *The defendant*

*expressly waives the right to appeal or collaterally attack by post-conviction motion all other issues.*

(Plea Agreement at ¶ 10) (emphasis added).

Defendant reserved the right to appeal sentencing issues which were not agreed upon or addressed in the plea agreement. He expressly waived the right to appeal "all other issues." We find that the broad scope of defendant's waiver encompasses his right to appeal his conviction. Having reviewed the record, we also find that defendant knowingly and voluntary waived this right. Defendant's present contention that he did not understand the plea agreement when he entered into it is undermined by the thorough colloquy he had with the district court. Defendant has not argued and we do not believe that a miscarriage of justice would result from the enforcement of defendant's waiver. Therefore, we dismiss the appeal. See United States v. Morrison, 171 F.3d 567, 568 (8th Cir. 1999) (where defendant voluntarily entered plea agreement waiving appellate rights, defendant not allowed to appeal the district court's denial of leave to withdraw plea and the appeal is subject to dismissal.).

_____